MEMORANDUM **
Wayne Deputee appeals from his conviction of sexual abuse of a person who had not attained the age of 12 years at the time of the offense and his mandatory 30-year sentence. We affirm his conviction and sentence.[1]
The district court did not abuse its discretion in allowing the FBI agent to testify that he intended to give Deputee a polygraph test. Although polygraph evidence is disfavored, “polygraph evidence which is an operative fact may be admissible.” United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988). The district court only allowed Agent Smiedala to testify that he had intended to give Deputee a polygraph examination after Deputee’s counsel, on cross-examination of Smiedala, sought to raise negative inferences from Agent Smiedala’s vague explanations for why his interview with Deputee took an hour and a half.
*229 The district court did not abuse its discretion in allowing Deputee’s daughter to testify that he inappropriately touched her when she was between six and eight years old. In United States v. LeMay, 260 F.3d 1018, 1022 (9th Cir.2001), this court held that where a defendant is accused of child molestation, evidence that the defendant committed another similar offense is admissible unless “its probative value is substantially outweighed by the danger of unfair prejudice.” Id. at 1027.
The district court, carefully applied the factors set forth in LeMay in concluding that the probative value of J.D.’s testimony was not outweighed by the danger of unfair prejudice. The court then gave a limiting instruction.
The district court did not abuse its discretion in excluding Deputee’s expert witnesses. A district court’s decision to exclude expert testimony is reviewed for abuse of discretion. United States v. W.R. Grace, 504 F.3d 745, 759 (9th Cir.2007). In this case, the district court properly excluded the testimony of Julia Gates, who gave Deputee a reading test, because she had never before administered a reading test to a person who was motivated to fail the test. The district judge also reasonably excluded the testimony of Dr. Ofshe because he had not previously disclosed the basis for his opinion, the judge had doubts as to whether there was a factual basis for claiming a “false confession,” and the judge determined that Dr. Ofshe’s testimony would not be helpful to the jury. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
The district court did not err in denying Deputee’s motion to suppress his confession. “In determining whether a statement is voluntary, the court looks at the surrounding circumstances and the combined effect of the entire course of the officer’s conduct upon the defendant.” Pollard v. Galaza, 290 F.3d 1030, 1033 (9th Cir.2002). The record shows that Deputee voluntarily drove to the FBI office in Billings to take a polygraph test. Once at the office he was treated cordially, voluntarily signed advisement of rights forms, and understood that he was not compelled to take a polygraph test. Moreover, his taped confession appears to be voluntary and cordial. The district court did not err in determining that Deputee’s confession was voluntary.
Deputee’s mandatory minimum sentence of 30 years does not constitute cruel and unusual punishment. In light of cases such as Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (first-time offender received life sentence for possession of 672 grams of cocaine), and Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (40-year sentence for nine ounces of marijuana), Deputee’s sentence is not so disproportionate as to be unconstitutional.
Finally, Deputee’s sentence does not violate the equal protection clause of the constitution. United States v. Antelope, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977). (“[Fjederal legislation with respect to Indian tribes, although relating to Indians as such, is not based upon impermissible racial classifications, [and] it is of no consequence that the federal scheme differs from a state criminal code.”) Id. at 645, 648-49, 97 S.Ct. 1395.
Deputee’s conviction and sentence are AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.